J-S78010-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
    v.      :
 :
 :
CANDACE STEVENS    :
 :
    Appellant   : No. 451 WDA 2017

Appeal from the Judgment of Sentence October 27, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014831-2015

BEFORE:   OLSON, DUBOW and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:      FILED DECEMBER 21, 2017

Appellant, Candace Stevens, appeals from the judgment of sentence entered on October 27, 2016, as made final by the denial of her post-sentence motion on February 15, 2017.  We affirm.

The factual background of this case is as follows.  On October 1, 2016, Tajzmiqua Fletcher ("Fletcher") was at a residence in Pittsburgh.  When she opened the door of the residence, she encountered Appellant.  Fletcher was familiar with Appellant because Fletcher previously dated Appellant's husband.  Appellant attempted to enter the residence but Fletcher shut the door.  After Fletcher went upstairs, she told Appellant, through an open window, to leave.  Appellant challenged Fletcher to come outside and fight.  At this point, Fletcher called police.  Appellant then used a blunt object to break several windows of Fletcher's vehicle before fleeing when police arrived.

_____
* Retired Senior Judge assigned to the Superior Court

The procedural history of this case is as follows. On January 20, 2016, the Commonwealth charged Appellant via criminal information with criminal mischief.[1] On August 15, 2016, Appellant proceeded to a nonjury trial. On October 27, 2016, the trial court found Appellant guilty and immediately sentenced her to one year of probation. On November 4, 2016, Appellant filed a post-sentence motion. On February 15, 2017, the trial court denied the motion. This timely appeal followed.[2]

Appellant presents one issue for our review:

[Was the trial court's verdict against the weight of the evidence?]

Appellant's Brief at 4.

In her lone issue, Appellant contends that the trial court's verdict was against the weight of the evidence. "A new trial based on a weight of the evidence claim is only warranted where the verdict is so contrary to the evidence that it shocks one's sense of justice." Commonwealth v. Akrie, 159 A.3d 982, 989 (Pa. Super. 2017) (internal alterations and citation omitted). "[W]hen an appellate court reviews a weight claim, the court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence."

---

[1] 18 Pa.C.S.A. § 3304(a)(5).

[2] On March 29, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). See Pa.R.A.P. 1925(b). On June 22, 2017, Appellant filed her concise statement. On July 21, 2017, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue was included in her concise statement.

Commonwealth v. Jacoby, 170 A.3d 1065, 1080 (Pa. 2017) (citation omitted). Instead, we will reverse the trial court's ruling on a weight of the evidence claim after a nonjury trial only if "the court's determination was manifestly erroneous, arbitrary and capricious[,] or flagrantly contrary to the evidence." Gutteridge v. J3 Energy Grp., Inc., 165 A.3d 908, 914 (Pa. Super. 2017) (internal quotation marks and citation omitted).

Appellant argues that the trial court's verdict was against the weight of the evidence because Fletcher's testimony was not credible. She contends that Fletcher's testimony was self-serving as Fletcher was jealous and angry at Appellant for marrying her ex-boyfriend. Moreover, she contends that she presented credible alibi evidence. Finally, Appellant argues that the only credible evidence presented at trial indicated that Fletcher broke the windows herself or paid another individual to break the windows.

> As this Court has explained:
>
> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

Commonwealth v. Fortson, 165 A.3d 10, 16 (Pa. Super. 2017) (citation omitted).

In this case, Fletcher's testimony was not so unreliable and/or contradictory as to make the trial court's verdict pure conjecture. The trial court witnessed Fletcher's demeanor and determined that she was truthfully

relaying what occurred on the night in question. It noted that Officer Devin Small's testimony was consistent with Fletcher's testimony. Specifically, the trial court noted that Officer Small, who responded to the scene, testified that Fletcher's vehicle was parked in a well-lit area that Fletcher could see from the upstairs window. Trial Court Opinion, 7/21/17, at 7. Although Fletcher was jealous and angry with Appellant, the trial court concluded that Appellant fueled this jealousy and anger. Id. at 6. Similarly, although Fletcher's testimony was self-serving, that does not mean the fact-finder was required to disregard it. See Commonwealth v. Freeman, 441 A.2d 1327, 1332 (Pa. Super. 1982); see also Commonwealth v. Fletcher, 896 A.2d 508, 522 (Pa. 2006) (self-serving testimony is often viewed with skepticism).

As to the alibi evidence, the trial court found Appellant's testimony not credible. Similarly, it found Shanell Gray's ("Gray's") testimony that Appellant was attending a football practice at the time of the incident not credible. Finally, the trial court found the evidence regarding Appellant breaking the windows, or paying someone to break the windows, not credible. See Trial Court Opinion, 7/21/17, at 7 n.4.

Appellant asks us to reweigh the evidence and find her testimony, along with Gray's testimony, more credible than Fletcher's testimony. We may not do so, however, because the Fletcher's testimony was not so unreliable as to make the trial court's verdict pure conjecture. See Fortson, 165 A.3d at 16. Likewise, the trial court's factual findings were not "manifestly erroneous,

arbitrary and capricious[,] or flagrantly contrary to the evidence[.]" Gutteridge v. J3 Energy Grp., Inc., 165 A.3d at 914. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for a new trial based upon the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017