J-S71043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRYL YOUNG, | |
| Appellant | No. 928 EDA 2016 |

Appeal from the Judgment of Sentence February 24, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0006505-2014

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:            **FILED DECEMBER 29, 2017**

Appellant, Darryl Young, appeals from the judgment of sentence imposed following his bench conviction of one count each of first-degree murder, attempted murder, criminal conspiracy, recklessly endangering another person, carrying firearms without a license, carrying firearms on public streets in Philadelphia, and possessing an instrument of a crime, and two counts of aggravated assault.[1] Appellant challenges the sufficiency and weight of the evidence supporting his conviction. We affirm.

We take the following facts and procedural history from our independent review of the certified record. This case arises from the shooting of two men,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 901(a), 903, 2705, 6106(a)(1), 6108, 907(a), and 2702(a), respectively.

William Harriston, who died as a result of his injuries, and Shirvin McGarrell, who sustained eleven gunshot wounds and survived.

On February 2, 2009, at approximately 8:00 p.m., McGarrell and his daughter's mother, Shaniece Thorton, were driving to McGarrell's home after finishing a shopping trip. As they approached the home, Thorton saw Appellant, whom she recognized from the neighborhood, walking down the street with two other men, whose faces were covered by their hoods. Appellant motioned for McGarrell to come over towards him, and McGarrell dropped Thorton off in front of the home so that she could bring their purchases inside.

Meanwhile, Harriston and Darren Ricketts arrived at McGarrell's home, because they had plans with McGarrell for the evening. McGarrell asked Ricketts to move his car, and as Ricketts proceeded to do so, gunfire broke out. Ricketts saw Appellant run away with two guns in his hands. Appellant then stopped and ran back to search McGarrell, before again fleeing from the scene. Thorton also heard gunshots, from what sounded like more than one gun, and she ran towards McGarrell, who had been shot in his stomach, chest, legs, and arms.[2]

_____

[2] Ricketts testified that, while on the way to the hospital, McGarrell spoke words that Ricketts interpreted as identifying Appellant as the shooter. (**See** N.T. Trial, 2/22/16, at 35, 50-51, 53-54). This testimony was somewhat inconsistent with the statement Ricketts gave to police after the shooting, and the trial court stated that it considered Rickett's testimony on this particular point neutral. (**See id.** at 52-54; **see also** N.T. Trial, 2/24/16, at 43, 45).

On February 11, 2009, nine days after the shooting, McGarrell gave a statement to homicide detectives identifying Appellant as one of the shooters. On August 13, 2013, inmate Charles Bryant reported to detectives that, while he was incarcerated with Appellant, he asked Appellant about the Harriston shooting, because Harriston was a close friend. Appellant confessed to shooting Harriston and McGarrell, and explained that the bullets were intended for McGarrell only, as retaliation for his involvement in another killing.

Appellant proceeded to a four-day bench trial in January and February 2016. At trial, McGarrell refused to identify Appellant as his assailant, despite his earlier statement to the contrary. (*See* N.T. Trial, 2/22/16, at 62, 65-66, 68; N.T. Trial, 2/24/16, at 64). Appellant testified that he was present at the scene of the shooting, but was not involved in it, and that he fled when the gunfire started. (*See* N.T. Trial, 2/24/16, at 14, 17).

On February 24, 2016, the trial court found Appellant guilty of the above-stated offenses. It imposed an aggregate term of incarceration of life without the possibility of parole. The court denied Appellant's timely post-sentence motion on March 10, 2016. This timely appeal followed.[3]

Appellant raises the following issues for our review:

A. Was the evidence insufficient as a matter of law, to establish [Appellant's] guilt beyond a reasonable doubt on all charges

_____

[3] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on April 26, 2016. The trial court judge is no longer sitting on the bench in Philadelphia County, and the record was forwarded to this Court without an opinion. *See* Pa.R.A.P. 1925.

because the evidence presented at trial by the sole eyewitness was unreliable and not credible?

B. Was the verdict against the weight of the evidence because the Commonwealth's principal witness gave contradictory and inconsistent testimony concerning his observations of the incident and his identification of [Appellant], a material element of the crime charged[?]

(Appellant's Brief, at 2) (unnecessary capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence supporting all of the charges against him. (*See id.* at 14-27). He argues that the Commonwealth's evidence was not believable because it was inconsistent and contradictory, and the testimony of Ricketts and Bryant was fabricated. (*See id.*). This issue is waived and does not merit relief.

We begin by noting,

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [ ] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Stiles***, 143 A.3d 968, 981 (Pa. Super. 2016), *appeal denied*, 163 A.3d 403 (Pa. 2016) (citation omitted).

With regard to issue preservation, it is well settled:

Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In ***Commonwealth v. Garland***, 63 A.3d 339 (Pa. Super. 2013), this Court found the appellant had waived his sufficiency of the evidence claim where his 1925(b) statement simply averred the evidence was legally insufficient to support the convictions and in doing so reasoned:

In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. Here, as is evident, [the a]ppellant . . . failed to specify which elements he was challenging in his Rule 1925(b) statement. . . . Thus, we find [his] sufficiency claim waived on this basis.
***Id.*** at 344 (citations omitted).

***Id.*** at 982 (footnote and some quotation marks omitted) (concluding appellant waived sufficiency claim where his concise statement failed to clearly state any element upon which he alleged evidence was insufficient).

Here, Appellant was convicted of eight separate offenses, each of which contain multiple elements. In his concise statement, he presented his sufficiency claim as follows: "The evidence was insufficient as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges

because the evidence presented a [sic] trial by the sole eyewitness was unreliable and credible [sic]." (Rule 1925(b) Statement, 4/26/16, at 1 ¶ 1). This vague statement fails to "state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient[,]" and is inadequate to preserve his claim. *Stiles*, *supra* at 982 (citation omitted). Accordingly, Appellant's first issue is waived.

Moreover, it would not merit relief. In his brief, Appellant conflates his sufficiency argument with his weight claim by challenging the credibility of the witnesses' testimony and arguing the standard applicable to weight claims, *i.e.*, that the verdict shocks the conscience. (*See* Appellant's Brief, at 21, 23). It is well-settled that credibility determinations "go to the weight, not the sufficiency of the evidence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (citation omitted) (stating claim that factfinder should have believed appellant's version of events rather than Commonwealth's goes to weight, not sufficiency of evidence; appellant's sufficiency claim arguing credibility lacks merit). Therefore, Appellant's sufficiency claim would lack merit, even if it were not waived. *See id*.

Appellant next challenges the weight of the evidence, arguing that the testimony is replete with inconsistencies, and that the exculpatory evidence presented at trial demonstrates the falsity of Rickett's account of the shooting.

(*See* Appellant's Brief, at 27-30).[4] Appellant asserts that the trial court made a fundamental error in convicting him and in denying his request for a new trial, given the number of inconsistencies and contradictions in the witnesses' testimony. (*See id.* at 29). This issue lacks merit.

> In assessing a claim that the verdict was against the weight of the evidence, this Court will not substitute its judgment for that of the factfinder, **which is free to assess the credibility of witnesses and to believe all, part, or none of the evidence presented**.
>
> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> Further, this Court will not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Fortson*, 165 A.3d 10, 16 (Pa. Super. 2017) (quotation marks and citations omitted; emphasis added).

Here, Thorton testified that, immediately before the shooting, Appellant motioned for McGarrell to come over to him and two other men who wore

_____

[4] Appellant preserved his weight claim by raising it in his post-sentence motion. *See* Pa.R.Crim.P. 607(A)(3).

hoodies covering their faces. (**See** N.T. Trial, 2/22/16, at 8-9, 14-16). Ricketts testified that Appellant was the person closest to McGarrell before the shooting. (**See id.** at 26, 33). After gunshots rang out, Ricketts observed Appellant, holding two guns, initially run from the scene. (**See id.** at 29-32). Ricketts then saw Appellant return to McGarrell to search his person as he lay in the street, before again fleeing from the area. (**See id.** 32-34).

Before the trial court issued its verdict, it stated on the record that it had listened carefully to the evidence and reviewed its notes and the exhibits. (**See** N.T. Trial, 2/24/16, at 61). The court explained that it had considered the credibility of each of the witnesses, and that it found some of the testimony incredible, and other testimony and evidence reliable. (**See id.** at 62-64). The court specifically stated that it found credible the central aspects of Rickett's testimony, and Bryant's testimony that Appellant confessed to the shooting. (**See id.** at 62-63). It noted that the strongest piece of evidence in the case was McGarrell's statement to police just nine days after the shooting, made while he was suffering from the effects of his numerous bullet wounds, identifying Appellant as the shooter. (**See id.** at 63-64). In contrast, the court found Appellant's testimony denying involvement in the shooting and McGarrell's recantation testimony from the witness stand "completely unbelievable." (**Id.** at 62; **see id.** at 64). After cautiously weighing all that was before it, the court determined that Appellant was guilty beyond a reasonable doubt. (**See id.** at 64-65).

After review of the record, we conclude that the trial court did not palpably abuse its discretion in ruling on Appellant's weight claim. **See Fortson**, **supra** at 16. The court, as factfinder, was free to resolve any credibility issues and conflicts in the testimony, and to credit the version of events presented by the Commonwealth, rather than Appellant's self-serving account. **See id.** Therefore, Appellant's second claim merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17