J-S25031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TANIKA LESHE HORTON | : | |
| | : | |
| Appellant | : | No. 1568 WDA 2017 |

Appeal from the Judgment of Sentence September 7, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0007963-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED JULY 31, 2018**

Tanika Leshe Horton appeals from the judgment of sentence entered September 7, 2017, in the Allegheny County Court of Common Pleas.  That same day, a trial court convicted her of receiving stolen property.[1]  The court sentenced her to a term of five years' probation.  On appeal, she challenges the sufficiency of the evidence and the legality of her sentence.  We affirm.

The facts of this case are as follows:

The evidence presented at trial established that from May 4 to May 24, 2016, [Horton], a home care worker, was placed with Car[ol] Platt through the Right at Home caregiving agency. Ms. Platt is blind and had just returned home from the hospital after suffering a broken leg.  [Horton] worked 27 hours a week and supplemented Ms. Platt's full time care provided by Kelly Wobrak who had been with Ms. Platt for 6 years and whose mother had cared for Ms. Platt before that.  On May 24, 2016, Kelly Wobrak had accompanied Ms. Platt shopping and upon returning home, Ms. Platt directed her to put the change in a

_____

[1]  18 Pa.C.S. § 3925(a).

designated change bowl, but it was not there. Wobrak eventually located the bowl, though it was not in its usual place and was almost empty. Upon further investigation, Ms. Platt determined that several pieces of jewelry were also missing. In addition to various non-unique pieces, an [a]ngel pendant with matching earrings was gone. The police were called and a report was made. Thereafter, Wobrak located one of the angel earrings with a broken clasp on the floor and turned it into the police. A subsequent search of local pawn shops revealed that [Horton] had pawned items at the National Gold Exchange on three (3) occasions after she began working for Ms. Platt. Records and photographs kept by the shop indicated that one of the items pawned was a gold chain with an angel pendant. The photograph taken by the pawn shop matched the angel earring with the broken clasp that had been turned in by Ms. Wobrak.

Trial Court Opinion, 1/16/2018, at 2.

"A non-jury trial was held . . . on September 7, 2017[.]" *Id.* at 1. During trial, Platt described the angel pendant as "very unique, because it was a numbered piece, and there were only so many made." N.T., 9/7/2017, at 7. Platt testified that Wobrak had orally described to her a photograph of jewelry given to her by Officer Leonard Mesarchik of the Forrest Hills Police Department to review; Platt agreed the described item "was like the pendant that was missing." *Id.* at 8-9. Platt also testified she had purchased "the three pieces of jewelry, the earrings and pendant," from the Home Shopping Network, but she did not have a record of the transaction. *Id.* at 10-12.

Wobrak testified she helped Platt compile a list of missing items; that inventory was admitted as Commonwealth Exhibit 1. *Id.* at 20. According to that list, the angel pendant was valued at $350.00. *Id.* at 21. Horton did not object to the admission of Commonwealth Exhibit 1 nor to Wobrak's testimony about it. *See id.* at 20-21. Wobrak then verified the photograph that she

- 2 -

had described to Platt was the same as Commonwealth Exhibit 2 and that the angel earring she had found on the floor was Commonwealth Exhibit 3; both exhibits were admitted into evidence. *Id.* at 22-23.

John Mattis, an employee of the National Gold Exchange, testified he had provided the photograph, labelled as Commonwealth Exhibit 2, to police and that the item in the photograph had been pawned by Horton on May 11, 2016. *Id.* at 33-41. Officer Mesarchik testified that he "thought [the pendant] was extremely unique." *Id.* at 44.

Horton testified on her own behalf that, although she pawned the items shown in the photographs produced by National Gold Exchange, including the angel pendant, between May 6 and 11, 2016, all of the items had belonged to her. *Id.* at 68-71.

At the conclusion of the trial, Horton was found guilty. Trial Court Opinion, 1/16/2018, at 1. Horton's sentencing hearing directly followed, during which Officer Mesarchik reminded the trial court that Platt had valued the angel pendant at $350.00 in the list of missing items she and Wobrak had initially provided to police. *See* Commonwealth Ex. 1; N.T., 9/7/2017, at 74. The assistant district attorney then confirmed that "$350 was the value of the pendant." *Id.* at 75. Horton did not object to either Officer Mesarchik's or the assistant district attorney's representation of the value of the angel pendant during her sentencing hearing. *See id.* at 74-75.

Horton "was immediately sentenced to a term of probation of five (5) years," and the trial court "entered a restitution order of $350[.]" Trial Court

Opinion, 1/16/2018, at 1, 6; *see* N.T., 9/7/2017, at 75. Horton filed timely post-sentence motions, which were denied on September 27, 2017. This appeal followed.[2]

Horton now presents two issues for our review:

I.      Whether the evidence was insufficient to convict Ms. Horton of receiving stolen property when the Commonwealth was unable to establish that the items Ms. Horton pawned were in fact the items stolen from the victim?

II.     Whether Ms. Horton's sentence was illegal because she was assessed restitution based on speculative and incompetent evidence?

Horton's Brief at 5.

Horton broadly argues that "[t]he evidence was insufficient to convict [her] of receiving stolen property as the Commonwealth was unable to establish beyond a reasonable doubt that the items [she] pawned were in fact the items stolen from the victim." Horton's Brief at 16. More specifically, Horton complains that the Commonwealth failed to establish that she "sold the same item stolen from Ms. Platt" or "knew or should have known that the item [was] stolen when she testified that she bought the item independently." *Id.*

In reviewing the sufficiency of the evidence, our standard of review is as follows:

_____

[2] On October 30, 2017, the trial court ordered Horton to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Horton complied on November 30, 2017. On January 16, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fortson*, 165 A.3d 10, 14–15 (Pa. Super. 2017) (citation and internal brackets omitted), *appeal denied*, 174 A.3d 558 (Pa. 2017).

The sole charge of receiving stolen property is defined in 18 Pa.C.S. § 3925(a): "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."

As noted above, we must view all evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner. *Fortson*, 165 A.3d at 14. Admittedly, there is some evidence in support of Horton's arguments, such as the facts that Platt's identification of the angel pendant was only from a description of a pawned item in a photograph and that Officer Mesarchik never explained what it was about the pendant that he thought was "unique."

- 5 -

*See* Horton's Brief at 17; *see also* N.T., 9/7/2017, at 8, 44. Furthermore, there was no testimony as to what the serial number on Platt's angel pendant was or whether the angel pendant seen in Commonwealth Exhibit 2 was numbered, thereby making any comparison between the two identification numbers impossible. *See* Horton's Brief at 19-20; N.T., 9/7/2017, at 7.

However, "the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence," and we may not re-weigh the evidence nor substitute our judgment for that of the fact-finder. *Fortson*, 165 A.3d at 14. Here, the trial judge, sitting as the fact-finder, concluded that there was copious evidence supporting Horton's conviction. Trial Court Opinion, 1/16/2018, at 3. The angel pendant was a limited edition – *i.e.*, the item was rare, even if the exact serial number could not be ascertained. N.T., 9/7/2017, at 7; Trial Court Opinion, 1/16/2018, at 3. Additionally, "the photograph of the pendant pawned by [Horton] matched the broken earring recovered by Kelly Wobrak." *Id.*; *see also* Commonwealth Exhibits 2 & 3; N.T., 9/7/2017, at 22-23, 33-41; Trial Court Opinion, 1/16/2018, at 2. The judge was also provided with the photograph of the angel pendant from the pawn shop and the angel earring recovered by Wobrak as exhibits and determined of its own accord that they were from a matching

set. *See* Commonwealth Exhibits 2 & 3; N.T., 9/7/2017, at 22-23, 33-41; Trial Court Opinion, 1/16/2018, at 2-3.[3]

In addition, Horton is asking this Court to find her testimony credible and to find the other witnesses incredible; again, credibility determinations are the prerogative of the fact-finder, not this Court. *See Fortson*, 165 A.3d at 15.

Therefore, as the trial court concluded, the evidence presented at trial was sufficient to establish that Horton "pawned jewelry that she had taken from the home of her blind employer, thus establishing both her knowledge that it had been stolen and her intentional disposal of it," Trial Court Opinion, 1/16/2018, at 3, and hence was guilty of receiving stolen property. *See* 18 Pa.C.S. § 3925(a). Accordingly, Horton's first issue is meritless.

Next, Horton challenges the order of restitution, which was entered by the trial court as part of her sentence. Horton's Brief at 5, 23-25. Specifically, Horton asserts that her "sentence was illegal because she was assessed restitution based on speculative and incompetent evidence[,]" because Platt did not have a receipt of the transaction nor any other objective evidence of

---

[3] Furthermore, to accept Horton's version of events, the fact-finder would had to have believed Horton also happened to own a limited-edition angel pendant that matched an earring owned by Platt and happened to decide to pawn that pendant within a week of working for Platt; this combination of coincidences is highly improbable. Commonwealth Exhibits 2 & 3; N.T., 9/7/2017, at 7, 22-23, 33-41, 68-69; Trial Court Opinion, 1/16/2018, at 2.

the value of the stolen property.  Horton's Brief at 23 (citing N.T., 9/7/2017, at 11-12).[4]  Additionally, Horton argued no expert testimony was presented by the Commonwealth regarding the value of the jewelry.  *Id.* at 24.  She concludes that her sentence was based on speculation and, therefore, should be vacated.  *Id.* at 25.

> An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter.  The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary.

---

[4]  Horton also argues that "[t]he [t]rial [c]ourt abused its discretion in ordering [her] to pay $350 in restitution in this case."  Horton's Brief at 23 (citation omitted).

We note, in her statement of questions involved, Horton maintains her "sentence was illegal because she was assessed restitution based on speculative and incompetent evidence[.]"  *Id.* at 5; *see also id.* at 23.  "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."  Pa.R.A.P. 2116(a).  Therefore, as Horton's statement of questions involved only addresses the legality of her sentence and does not raise the claim that the trial court abused its discretion in imposing sentence, the only issue that we may consider is the legality of Horton's sentence.  *See id.*

Moreover, even if we were to find that the issue of whether the trial court abused its discretion in imposing $350.00 in restitution was not waived due to Horton's failure to include it in her statement of questions involved pursuant to Pa.R.A.P. 2116(a), we would still find that Horton failed to preserve this issue due to her failure to include a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of her sentence in her brief to this Court, pursuant to Pa.R.A.P. 2119(f).  *See Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017).

*Commonwealth v. Crosley*, 180 A.3d 761, 771 (Pa. Super. 2018) (citation omitted). "When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. . . . The amount of the restitution award may not be excessive or speculative." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citations omitted).

Here, the restitution awarded by the trial court was based upon the record. *See* Trial Court Opinion, 1/16/2018, at 5-6. Specifically, according to the inventory of missing items originally provided to police by Platt and Wobrak, the value of the angel pendant was $350.00. Commonwealth Ex. 1; N.T., 9/7/2017, at 21. During Horton's sentencing hearing, this value was again presented to the trial court by Officer Mesarchik and the assistant district attorney. *Id.* at 74-75. Horton did not object to nor otherwise challenge these representations of the value of the angel pendant during her trial or at sentencing. She also did not present any alternative valuation of the pendant. *See id.* at 20-21, 74-75. Therefore, the record contained the factual basis for the appropriate amount of restitution, the restitution award was not speculative, and Horton's challenge thereby is without merit. *See Atanasio*, 997 A.2d at 1183.

Accordingly, we conclude that neither of Horton's issues merits relief. Consequently, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/31/2018