J-S22025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY WEST, JR. | : | |
| | : | |
| Appellant | : | No. 2077 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 21, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000977-2017

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                      **FILED MAY 08, 2020**

Anthony West, Jr. (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of driving under the influence (DUI) of a controlled substance and DUI combination of a controlled substance and alcohol, and the trial court convicted him of operating a motor vehicle while his driving privileges were suspended.[1]  Upon review, we affirm.

The trial court summarized the procedural history as follows:

This matter arose on February 4, 2017, when [Appellant] was arrested and charged at Count 1 with DUI - Combination of Controlled Substance and Alcohol, at Count 2 with DUI - Controlled Substance Schedule 1, and at Count 3 with Operating a Motor Vehicle - Privileges Suspended.  On April 26, 2018, a bench warrant was issued for Appellant's apprehension after he failed to appear for Call of the List.  On September 24, 2018,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802 and 1543.

Appellant was detained pursuant to the bench warrant issued and Appellant's bail was then increased. . . .

On July 23, 2019, a trial by jury was had. [The jury and trial court entered their verdicts, and the trial court sentenced Appellant on August 21, 2019]. On August 28, 2019, Appellant filed a Post - Sentence Motion. On September 5, 2019, by order of this [c]ourt, a hearing on Appellant's Motion was scheduled. The hearing was ultimately cancelled, as communications between the [c]ourt, the Commonwealth, and Appellant established that the Commonwealth did not intend to file a brief and Appellant intended to rest on his Post-Sentence Motion filing. On November 21, 2019, this [c]ourt denied Appellant's Post-Sentence Motion.

On December 19, 2019, Appellant filed a notice of appeal to the Superior Court of Pennsylvania and this [c]ourt issued an order, pursuant to Pa.R.A.P. 1925, directing Appellant to submit his Concise Statement of Matters Complained Of by January 9, 2020. On December 30, 2019, Appellant submitted his Concise Statement, citing one issue.

Trial Court Opinion, 1/20/20, at 1-2 (footnotes omitted).[2]

Appellant presents the following issue on appeal:

1) Did the trial court err by finding that the jury's verdicts were not against the weight of the evidence?

Appellant's Brief at 4.

Appellant argues that the jury convicted him of DUI, contrary to the weight of the evidence, because "the [arresting police] officer never saw Appellant driving" and "could not say whether Appellant was driving or there was another occupant of the car." Appellant's Brief at 8-9. Appellant also

_____

[2] In its Rule 1925(a) opinion, the trial court stated that "the issue raised by Appellant on appeal mimics the claim raised in [his] Post-Sentence Motion. We accordingly direct the Superior Court to the attached Opinion [dated November 21, 2019] denying [Appellant's] Post-Sentence Motion." Trial Court Opinion, 1/20/20, at 3.

argues that the verdicts were against the weight of the evidence because "the neighbor who said they saw [Appellant] get out of the vehicle was not credible." *Id.* at 9. Appellant states that the neighbor, Mr. Clair O'Donnell, "never saw his face," where he viewed the driver from a distance of 55 feet, exit the car in the dark, and Mr. O'Donnell specifically testified that he never saw the person's face. *Id.* Finally, Appellant cites his own trial testimony that he did not drive his car that night, and the testimony of William Brooks, who testified that he, Mr. Brooks, drove the car. *Id.* at 10.

We begin our analysis with our standard of review:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014), citing *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000). The trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Horne*, 89 A.3d at 285-86 (citation omitted). For an appellant to prevail on a weight claim, "the evidence must

be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *See Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003) (citation omitted).

Appellant was convicted of DUI and driving while his privileges were suspended, which obviously require that Appellant was driving. *See* 75 Pa.C.S.A. §§ 3802 and 1543. The trial court observed:

> [Appellant] claims that the Commonwealth's assertion that he was the driver of his own vehicle on February 4, 2017 is against the weight of the evidence. Because one element of each of the [] offenses for which he was convicted is that he was driving a vehicle, [Appellant] claims he should be given a new trial.

Trial Court Opinion, 11/21/19, at 3. The trial court stated that Mr. O'Donnell testified to seeing only one person exit the BMW owned by Appellant. *Id.* The trial court also referenced the testimony of Chambersburg Police Officer Cole Baker, who testified that he was only going to cite Appellant for driving with suspended privileges until he smelled alcohol on Appellant and asked him to perform field sobriety tests. *Id.* at 3-4.

Our review supports the trial court's determination that Appellant's convictions are not against the weight of the evidence. Mr. O'Donnell testified that although he could not identify who exited Appellant's car, he only saw one individual get out of the vehicle. N.T., 7/23/19, at 18. The police officer, Cole Baker, testified to driving by Appellant's car and recognizing it as a "black BMW with gold rims." *Id.* at 31. Because Officer Baker recognized Appellant's car and knew that Appellant's license was suspended, he followed the BMW

- 4 -

into an alley.  *Id.*  After turning into the alley, Officer Baker saw that the dome light of the car was on but no one was in the car; however, he saw someone walking away from the car.  *Id.* at 33.  As he got closer, Officer Baker "immediately recognized" Appellant.  *Id.*  He testified:

> Nobody else was in that immediate area at the time. . . . [Appellant] was confrontational.  I was just going to write him a citation and get him on his way.  I filled out the citation and was going to get out—I got out of my vehicle and gave him a copy of the citation.  When I had gotten out of my vehicle and made contact with him to give him a copy of the citation, I could smell alcohol . . . from his person.  His eyes were glassy and bloodshot. . . . He did make the admission that he was at least around alcohol at his friend's house.

*Id.* at 33-34.

Officer Baker administered field sobriety tests (including the walk and turn, convergence, Romberg balance, and modified Romberg[3]), all of which indicated that Appellant was impaired.  *Id.* at 35-38.  The Commonwealth played and introduced into evidence the motor vehicle recording (MVR) of Officer Baker's interaction with Appellant.  *Id.* at 43; Commonwealth Exhibit 2.  After Officer Baker arrested Appellant, he transported him to Chambersburg Hospital for a blood test.  Appellant did not challenge the results of the test.

_____

[3] Officer Baker testified that during the modified Romberg test, he looks at the person's tongue, which shows "after you recently smoked marijuana, you get a white pasty film over your tongue.  It coats your entire tongue.  Over the white film is a kind of greenish tint . . . [Appellant] had that on his tongue when I had him stick out his tongue."  N.T., 7/23/19, at 39.

Appellant and William Brooks testified in Appellant's defense. Mr. Brooks testified that he had been friends with Appellant "for eight or nine years," and was with Appellant on the night of February 4, 2017. N.T., 7/23/19, at 84-85. Mr. Brooks said he drove Appellant's car that night because he had a valid license and Appellant did not.[4] *Id.* at 86. Mr. Brooks testified that he drove to and parked in the alley because he "live[s] right there." *Id.* at 87. Mr. Brooks stated that he then went to his house and Appellant "went about his way." *Id.*

Appellant testified that on the evening of February 4, 2017, he was with Mr. Brooks, and drank less than one beer when the two men drove to get cigarettes. *Id.* at 98. Appellant stated that Mr. Brooks was driving when Appellant received a call from his girlfriend, which caused Appellant to tell Mr. Brooks to stop the car in the alley. *Id.* at 99. Appellant testified that his pregnant girlfriend was having stomach pains, and he told Mr. Brooks to park in the alley so Appellant could "run to my house." *Id.* at 101. Appellant said, "He went his way, I went mine." *Id.*

This evidence does not support Appellant's weight claim. This Court may not substitute our judgment for that of the factfinder — whether the jury or the trial court — because it is the province of the factfinder to assess the credibility of the witnesses. *See Commonwealth v. DeJesus*, 860 A.2d 102

---

[4] When called on re-direct, Officer Baker testified that on February 4, 2017, Mr. Brooks did not have a valid driver's license. N.T., 7/23/19, at 107-08.

(Pa. 2004); ***Commonwealth v. Johnson***, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of the finder of fact."). "When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." ***Commonwealth v. Fortson***, 165 A.3d 10, 16 (Pa. Super. 2017), citing ***Commonwealth v. Rossetti***, 863 A.2d 1185, 1191 (Pa. Super. 2004).

In sum, there is no merit to Appellant's self-serving weight claim assailing the credibility of the witnesses. The testimony of Mr. O'Donnell and Officer Baker supports the determinations of the jury and the trial court that Appellant drove his car on February 4, 2017, and was guilty of DUI and operating a motor vehicle while his driving privileges were suspended. The verdicts do not shock one's sense of justice, and therefore, the trial court did not commit an abuse of discretion in denying Appellant's weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/08/2020

- 7 -