J-S07045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JALLIL JORDAN ELLMAN | : | |
| | : | |
| Appellant | : | No. 1144 MDA 2018 |

Appeal from the PCRA Order Entered June 28, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001241-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED FEBRUARY 27, 2019**

Jallil J. Ellman (Ellman) appeals *pro se* from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Ellman asserts that (a) his defense counsel was ineffective in allowing the trial court to factor juvenile adjudications into his Prior Record Score, and (b) the trial court abused its discretion by relying on a miscalculated Prior Record Score when imposing sentence.  We affirm.[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] In reviewing the denial of a PCRA claim, review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error."  **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011).

**I.**

In February 2017, Ellman entered into an open plea to several drug-related offenses.  This plea was in part based on the Commonwealth's calculation that Ellman's Prior Record Score[2] totaled four points.  At the sentencing hearing held in April 2017, the Commonwealth corrected the calculation, finding that Ellman scored five points.  The record reflects that the offenses factored into this calculation included a single juvenile adjudication and several adult convictions.

Ellman declined to withdraw his plea and instead proceeded to sentencing.  Finding the plea to be knowing, intelligent and voluntary, the trial court imposed an aggregate prison term of four to eight years.  Ellman did not file a post-sentence motion or a direct appeal.

Ellman filed a petition for PCRA relief in October 2017 and was assigned counsel shortly thereafter.  In June 2018, the trial court entered an opinion

---

[2] The Pennsylvania Commission on Sentencing has promulgated guidelines for Pennsylvania trial judges to follow.  ***See generally*** 204 Pa. Code §§ 303.1-.18(c) (Chapter 303, "Sentencing Guidelines").  The guidelines set forth a framework that must be considered in fashioning an individualized sentence. ***See Commonwealth v. Fortson***, 165 A.3d 10, 19 (Pa. Super. 2017); 42 Pa.C.S. §§ 2154(a), 9721.  Prior Record Score is one of components used to determine the standard range sentence under the Sentencing Guidelines. ***See*** 204 Pa. Code § 303.2.  That score can fall into one of the following categories: 0, 1, 2, 3, 4, 5, Repeat Felon Offender (RFEL) and Repeat Violent Offender (REVOC).  ***See*** 204 Pa. Code §§ 303.4-.8.  The other component is the Offense Gravity Score, which is determined by the seriousness of the offense charged. ***See*** 204 Pa. Code §§ 303.3, 303.15.

denying PCRA relief without a hearing and dismissal of the petition followed.[3]

Ellman asserts two issues on appeal which we rephrase below:

- Whether Ellman's defense counsel was ineffective at sentencing in failing to object that juvenile adjudications were counted in his Prior Record Score, in violation of 204 Pa. Code § 303.6(b).

- Whether the trial court abused its discretion at sentencing by counting juvenile adjudications in Ellman's Prior Record Score, in violation of 204 Pa. Code § 303.6(b).

**II.**

Ellman argues first that his trial counsel was ineffective in failing to object to an incorrectly calculated Prior Record Score. He contends that the Commonwealth assessed points from multiple juvenile adjudications which were entered at the same disposition. Generally, a trial court must count juvenile adjudications when calculating a Prior Record Score. **See** 204 Pa. Code § 303.6(a). Doing so is only improper when certain criteria have not been met. For example, a court must count adjudications for felonies and certain misdemeanors committed after the offender's 14th birthday. **Id.** Further, and significantly here, "[o]nly the most serious juvenile adjudication

---

[3] Ellman's PCRA counsel was permitted to withdraw after submitting a *Turner/Finley* no-merit letter. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 (Pa. 2009). Ellman submitted his appellate brief *pro se*.

of each prior disposition is counted . . . [and no] other prior juvenile adjudication shall be counted in the Prior Record Score." *Id*. at § 303.6(b).[4]

To assert a meritorious claim of ineffective assistance of counsel, a petitioner must plead and prove, by a preponderance of the evidence, that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered prejudice due to the error. *See Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011).

Ellman's ineffectiveness claim has no merit because he cannot satisfy the threshold element of establishing that trial counsel performed deficiently by agreeing to a miscalculated Prior Record Score. *See Commonwealth v. Basemore*, 744 A.2d 717 n.23 (Pa. 2000) (holding that failure to prove any of the three prongs is fatal to a PCRA petition). The record facts do not establish that such a miscalculation occurred. Rather, the record reflects that in his Prior Record Score, Ellman was assessed a total of one point based on a single juvenile adjudication – a felony three riot conviction. *See* 204 Pa. Code § 303.15 (assessing one point for such an offense). His remaining adult convictions accounted for the remaining four points in his total Prior Record Score. Ellman cannot establish a violation of 204 Pa. Code § 303.6(b). The underlying legal basis of Ellman's ineffectiveness claim has no arguable merit and the denial of the claim must stand.

---

[4] This statement of the law serves to dispense with Ellman's sub-claim that a trial court should never consider juvenile history when imposing sentence on an adult. Appellant's Brief, at 2.

**III.**

Ellman's remaining PCRA claim appears to be that the trial court erred in relying on a miscalculated Prior Record Score when imposing sentence. As explained above, factoring the single juvenile adjudication into the Prior Record Score was proper under the Sentencing Guidelines. The record in no way suggests that the applicable guidelines were misapplied. His claim of trial court error has no merit.

To the extent Ellman argues that the trial court imposed an excessively harsh sentence, such a claim would be unpreserved for appeal because it relates to a discretionary aspect of the sentence rather than to legal error. *See generally Commonwealth v. O'Bidos*, 849 A.2d 243, 253-54 (Pa. Super. 2004). An appellant cannot raise such a claim at the PCRA stage if it could have been raised sooner. *See* 42 Pa.C.S.A. § 9544(b) (providing that "an issue is waived if the petitioner [in a PCRA proceeding] could have raised it but failed to do so" in a prior proceeding or direct appeal). Ellman did not object at sentencing or file a post-sentence motion asserting that his sentence was excessive nor did he raise the issue in a direct appeal. Thus, Ellman is not entitled to PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/27/2019