J-S65010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN ARIEL FRANCO-CACERAS | : | |
| | : | |
| Appellant | : | No. 379 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 16, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000650-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 11, 2020**

In this appeal, Appellant, Edwin Ariel Franco-Caceras, raises the singular claim that his conviction for burglary was against the weight of the evidence. We disagree and affirm his judgment of sentence.

The trial court summarized the facts of this case as follows:

Testimony at the bench trial revealed that on Monday, December 11, 2017, Ronald Schubauer, Jr. ("Schubauer") arrived at his office at the West Hanover Township Building and noticed that a window had been broken. Schubauer left his office on Friday, December 8, 2017 at 2:00 p.m. and did not return until Monday at 6:00 a.m. When he returned Monday morning, he discovered that a white desk fan was missing. Schubauer was able to describe the fan, the controls, the switches, and the general configuration of the fan. Pennsylvania State Trooper Jared Troutman responded to the incident on December 11, 2017 and noticed that there was a broken window outside of Schubauer's office. Trooper

---

[*] Retired Senior Judge assigned to the Superior Court.

Troutman testified that there was a piece of gravel rock that was found inside the window pane.

Amanda Price ("Price") [is] the chief operating officer at the community corrections center [named Keystone Correctional Facility, which houses state parolees and sits next door to the West Hanover Township Building]. Price indicated that there are surveillance cameras and a work release tracking system that keeps track of when the offenders enter and leave the [Keystone Correctional Facility]. Through Price, the Commonwealth introduced different surveillance footage that showed [Appellant, a resident at Keystone Correctional Facility,] wearing dark clothing and riding a bike and pulling a white fan out of his bag. The Commonwealth introduced the time log that indicated that [Appellant] signed out on December 10, 2018 at 10:15 a.m. and re-entered the facility at 2:45 p.m. Price was also shown the fan … and indicated that it was the same fan that was confiscated from [Appellant].

[Appellant] testified on his own behalf and indicated that while he was heading to Target to do some shopping, he saw the white fan sitting outside a Community Aide container. On his way back, he stopped and picked up the fan.

Trial Court Opinion, 9/11/19, at 2-3 (internal citations and footnotes omitted).

The trial court found Appellant guilty of burglary, criminal trespass and theft by unlawful taking. For purposes of sentencing, the court merged the criminal trespass and theft by unlawful taking counts into the burglary count and sentenced Appellant to a term of imprisonment of eighteen to thirty-six months. The court also gave Appellant a credit of eleven months and six days for time served. Appellant filed a post-sentence motion alleging that his

conviction for burglary was against the weight of the evidence, which the trial court denied. Appellant now claims the court erred by denying that motion.[1]

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999) (citation omitted). When considering a motion that a verdict was against the weight of the evidence, a "trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 396 (Pa. 2011) (citation omitted).

In rejecting Appellant's weight claim below, the trial court, which sat as the factfinder at Appellant's trial, stated that the verdict clearly did not shock its sense of justice. The court explained:

> [This court] ha[s] had the opportunity to hear and see the evidence presented, including the credible testimony presented by the officer and witnesses in this case. The Commonwealth presented testimony that when Schubauer left work on Friday his office did

---

[1] Although Appellant makes a more generic claim in this appeal that his "verdict" was against the weight of the evidence, his post-sentence motion and his 1925(b) Statement of Errors Complained of on Appeal specifically challenged only his burglary conviction as being against the weight of the evidence. As such, the trial court properly addressed Appellant's weight claim as challenging only his burglary conviction, and we will do the same. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (holding that issues not raised in 1925(b) Statement are waived). Appellant was convicted pursuant to 18 Pa.C.S.A § 3502(a)(4), which provides that a person commits burglary if "with the intent to commit a crime therein, the person: … enters a building … in which at the time of the offense no person is present."

not have a broken window but when he returned to work on Monday, there was a broken window and a desk fan was missing. The Commonwealth also established a time line that showed [Appellant] leaving the corrections center on December 10, 2018 at 10:15 a.m. and returning on December 10, 2018 at 2:45 p.m. [Appellant] was depicted wearing dark clothing and riding a bike. Finally, we note that the fan was located on [Appellant] and that the [fan] was eventually confiscated from [Appellant]. As such, in factoring in questions of credibility, questions of timing, and the overall physical evidence presented in this case, we found [Appellant] guilty of burglary.

Trial Court Opinion, 9/11/19, at 4.

Appellant now claims the trial court erred in reaching this conclusion because his verdict was, in fact, against the weight of the evidence. According to Appellant, this is so because the circumstantial evidence presented by the Commonwealth failed to prove that he broke the window of the West Hanover Township Building and stole the fan.[2] This claim offers no basis for relief.

In essence, Appellant is asking this Court to revisit his underlying weight claim and find that his verdict, contrary to what the trial court found, was against the weight of the evidence. By doing so, Appellant misconstrues our standard of review as an appellate court tasked with the responsibility of

---

[2] Appellant claims, in particular, that the verdict was against the weight of the evidence because there was no evidence showing him near the broken window and no physical evidence linking him to the broken window. In support of that claim, Appellant cites to a string of cases addressing an appellant's challenge to the *sufficiency* of the evidence, not the weight of the evidence. However, Appellant has not raised a sufficiency of the evidence claim on appeal, as his statement of the question involved, summary of the argument and argument section all plainly put forth a weight of the evidence claim. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000).

reviewing a trial court's decision regarding a weight of the evidence claim. Our Supreme Court has clearly stated that appellate review of a weight claim ruled on by the trial court below is **not** a reevaluation of the underlying question of whether the verdict is against the weight of the evidence. ***See Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). Rather, our standard of review is limited to determining whether the trial court palpably abused its discretion in concluding that the verdict was or was not against the weight of the evidence. ***See id***. We have stated:

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence.

***Commonwealth v. Clay***, 643 A.3d 1049, 1055 (Pa. 2013) (citation omitted).

This does not mean, of course, that the trial court's discretion is unfettered. ***See Clay***, 642 A.3d at 1055. We will find an abuse of discretion if the trial court misapplied the law, reached a manifestly unreasonable judgment or based its decision on partiality, prejudice, bias or ill-will. ***See id***.

Here, we discern no such abuse of discretion on the part of the trial court. As quoted above, ***see supra*** at 3-4, the trial court outlined its findings on which it based its conclusion that Appellant's verdict was not against the weight of the evidence. Those findings - which included the fact that an office window was discovered broken, a fan was missing from a nearby desk and

Appellant was found in possession of the missing fan - are all supported by the record. *See id*. at 1056 (stating that where record adequately supports the trial court's conclusion that the verdict is not against the weight of the evidence, the trial court has acted within its discretion).

The trial court, which served as the factfinder at Appellant's trial, also cited to its credibility determinations as a factor in reaching its decision that Appellant's verdict was not against the weight of the evidence. "In assessing a claim that the verdict was against the weight of the evidence, this Court will not substitute its judgment for that of the factfinder, which is free to assess the credibility of the witnesses and to believe all, part, or none of the evidence presented." *Commonwealth v. Fortson*, 165 A.3d 10, 16 (Pa. Super. 2017) (citations omitted).

Based on the above, we cannot conclude that the trial court abused its discretion in finding that Appellant's conviction for burglary was not contrary to the weight of the evidence. Again, while Appellant continues to offer arguments to this Court as to why he believes his verdict was against the weight of the evidence, it is not for this Court "to step[] into the shoes of the trial judge and revisit[] the underlying question of whether the verdict was against the weight of the evidence." *Clay*, 64 A.3d at 1056.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/11/2019</u>