J-S11022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAIKWEON K. FORTSON :
:
Appellant : No. 805 WDA 2019

Appeal from the PCRA Order Entered April 29, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016615-2014

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 3, 2020**

Daikweon K. Fortson (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On October 29, 2014, Appellant was arrested and charged with attempted homicide, robbery, conspiracy, possession of a firearm by a minor, possessing instruments of a crime, aggravated assault, and discharge of a firearm. At the time of the underlying offenses, Appellant was 15 years old. Appellant was automatically certified to adult criminal court. Thereafter, Appellant, represented by Brian O'Connor, Esquire, filed an omnibus pre-trial motion for decertification, which was denied by the trial court.

On November 2, 2015, Appellant, now represented by Brandon Herring, Esquire, proceeded to a non-jury trial. On November 3, 2015, the trial court found Appellant guilty of attempted homicide, robbery, aggravated assault,

possession of a firearm by a minor, and possession of a weapon.[1]  On January 28, 2016, the trial court sentenced Appellant to 13 to 26 years of incarceration.  Appellant filed a timely post-sentence motion, which the trial court denied on May 31, 2016.  Appellant appealed to this Court, which affirmed his judgment of sentence on May 26, 2017.  *See Commonwealth v. Fortson*, 165 A.3d 10 (Pa. Super. 2017).  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 2, 2017.  *See Commonwealth v. Fortson*, 174 A.3d 558 (Pa. 2017) (Table).

On June 11, 2018, Appellant filed a *pro se* PCRA petition.  In his petition, Appellant raised four claims of ineffective assistance of trial counsel: 1) trial counsel was ineffective for failing to file a motion to suppress evidence obtained by an unlawful search warrant; (2) trial counsel was ineffective for failing to raise a self-defense claim and present evidence of the victim's violent character at trial or in a post-sentence motion; (3) trial counsel was ineffective for failing to properly advise Appellant of his right to a jury trial; and (4) appellate counsel was ineffective for failing to argue Appellant's youthfulness as a mitigating factor at sentencing.  *See* Motion for Post Conviction Collateral Relief, 6/11/18, at 3.  On July 6, 2018, the PCRA court appointed Adam Bishop, Esquire, as PCRA counsel.  Upon reviewing the record, however, Attorney Bishop filed a motion to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and

_____

[1] 18 Pa.C.S.A. §§ 901(a), 3701(a)(1)(iii), 2702(a)(1), 6110.1(a), and 907(b).

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on March 20, 2019.

On April 2, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and granted Attorney Bishop's motion to withdraw. The PCRA court issued an order denying Appellant's petition on April 29, 2019.

On May 13, 2019, Appellant filed a *pro se* request to rescind the order dismissing his petition. In his motion, Appellant averred that the PCRA court sent its Rule 907 notice to SCI Pine Grove; however, Appellant is housed at SCI Dallas. ***See*** Request to Rescind Dismissal Notice/Order, 5/13/19. Appellant requested that the PCRA court rescind its dismissal order and permit an evidentiary hearing on Appellant's claims. ***Id.*** Attached to Appellant's motion, he included his response to the PCRA court's Rule 907 notice. ***See id.*** at Appendix A. Appellant's response raised four additional issues for the court's consideration, including a sufficiency and weight of the evidence claim, a legality of sentence claim, and discretionary aspects of sentencing claim. On May 15, 2019, the PCRA court denied Appellant's motion and, after "thoroughly review[ing] the Petitioner's Response and Objections to the Notice

of Intent to Dismiss," reaffirmed its order denying Appellant's PCRA petition.

PCRA Court Order, 5/15/19.[2]  Appellant timely appealed to this Court.

On appeal, Appellant presents two issues for our review:

1. Was PCRA Counsel Adam M. Bishop ineffective for not arguing the ineffectiveness of Decertification Hearing counsel Brian O'Connor, Esq. and trial Counsel Brandon Herring, Esq.[?]

Decertification Hearing counsel never told the Court about Appellant's mental state or explained [Appellant's] upbringing to the court.  **It should be noted that this question was never actually asked of the trial court, but in the PCRA it was fairly suggested.**

2. Was PCRA Counsel Adam M. Bishop ineffective for not arguing the ineffectiveness of trial counsel for arguing that trial counsel should never have talked a 15 year old boy into taking a bench trial, when the co-defendant is testifying against defendant[?]

This goes against (ABA) standards.

**This question was not asked in a 1925(b) but does go towards the Sixth Amendment violation**.

Appellant's Brief at v (PCRA court answers omitted, emphasis added).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted).  "To be entitled to PCRA relief, [an] appellant must

_____

[2] We observe that the PCRA court did not properly serve Appellant with its Rule 907 notice prior to dismissing Appellant's PCRA petition.  However, Appellant has not challenged the improper service on appeal, and thus the issue is waived.  *See Commonwealth v. Taylor*, 65 A.3d 462 (Pa. Super. 2013) (appellant waived appellate review of lack of notice of intent to dismiss by failing to challenge the failure on appeal).

establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

Appellant presents layered claims of ineffective assistance of PCRA counsel, based on PCRA counsel's failure to raise claims of ineffective assistance of trial counsel. Underlying his claim of PCRA counsel's ineffectiveness, Appellant first claims that his pre-trial counsel, Brian O'Connor, Esquire, who represented Appellant at his decertification hearing, rendered ineffective assistance by failing to inform the trial court of Appellant's mental history. Appellant suggests that had Attorney O'Connor informed the trial court of Appellant's mental history, "there is a chance [Appellant] would have been tried as a juvenile." Appellant's Brief at 6. Appellant also asserts that his trial counsel, Brandon Herring, Esquire, was ineffective for coercing Appellant into waiving his rights to a jury trial and proceeding to a bench trial. Appellant contends that had he proceeded to a jury trial, Attorney Herring could have informed the jury that his co-defendant, who testified against Appellant, took a plea deal in exchange for his testimony and a jury "may not have believed [his co-defendant] because he was saving himself." *Id.*

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit;

(2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

In *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), our Supreme Court held:

> [Petitioner's] failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness . . . results in waiver of the issue of PCRA counsel's ineffectiveness. [Petitioner's] attempt to obtain review, on collateral appeal, of an issue not raised in the proceedings below amounts to a serial PCRA petition on PCRA appeal. Although [petitioner] asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so.

*Id.* at 880 n. 4; *see also Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (holding that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal."); *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (holding that a petitioner must raise

allegations of ineffective assistance of PCRA counsel in the Rule 907 response).

Here, Appellant failed to challenge PCRA counsel's assistance after Appellant received the no-merit letter or after the PCRA court filed its notice of intent to dismiss. More importantly, Appellant failed to raise his issues concerning PCRA counsel in his Pa.R.A.P. 1925(b) statement of errors.[3] As a result, the PCRA court did not have the opportunity to address Appellant's claim, and it is waived where, consistent with *Pitts* and *Henkel*, Appellant has failed to preserve these issues for review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2020

---

[3] In his Rule 1925(b) statement, Appellant raised six allegations of trial counsel's ineffectiveness and challenged the sufficiency of the evidence for his aggravated assault and attempted murder convictions. *See* Issues to be Raised on Appeal, 7/1/19.