J-A16002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TOSHUA NICOLE BECKHAM | : | |
| | : | |
| Appellant | : | No. 1948 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 23, 2019
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001309-2018

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 07, 2020**

Appellant, Toshua Nicole Beckham, appeals from her judgment of sentence entered by the Court of Common Pleas of Lebanon County for simple assault, terroristic threats and criminal conspiracy. We affirm.

As aptly summarized by the trial court, "[t]his is a case involving road rage." Trial Court Opinion, 1/6/2020, at 1. On July 26, 2018, Melanie Arocho was driving on Route 422 in Lebanon County. Arocho's fiancée, Thomas Beard, was in the front passenger seat of the car and their three-year-old son was in the back seat behind Arocho. Appellant and her boyfriend, Randall Sanders, were in a Hummer behind Arocho's car. Sanders was driving the Hummer and Appellant was in the front passenger seat.

Arocho stopped to let the driver in front of her make a turn. As she did, Sanders entered the middle turning lane to go around Arocho's car. Arocho

almost slammed into the back of the Hummer and beeped her horn. Appellant began to yell out her window for Arocho to pull over. At the next traffic light, the Hummer pulled up beside Arocho's car on the driver's side, at which point Appellant waved a black handgun at Arocho's car and shouted "I'm going to f***ing kill you." N.T. Trial, 8/23/19, at 16. Sanders and Appellant pulled over and screamed for Arocho to pull over to fight them.

Arocho drove away and contacted the police. During the incident, Arocho had taken a photograph of the Hummer's license plate. Using that photograph, the responding officer, Officer John Houser, was able to ascertain that Sanders was the owner of the Hummer. Officer Houser interviewed Sanders as well as Appellant, who admitted to cursing out of her window at another car during an incident on Route 422. She denied brandishing a handgun. Officer Houser searched the Hummer and uncovered a black handgun in the Hummer's center console.

Appellant was charged with three counts each of terroristic threats, conspiracy to commit terroristic threats, simple assault and conspiracy to commit simple assault. Appellant was tried before a jury. At Appellant's trial, both Arocho and Beard positively identified Appellant as the woman who pulled a gun on them on Route 422 on July 26, 2018. Following trial, the jury found Appellant guilty of all counts.

When sentencing Appellant, the trial court recognized that the incident at hand had been serious but the court also recognized that Appellant had no

prior criminal record. As such, the trial court sentenced Appellant to a term of imprisonment below what the sentencing guidelines recommended. Specifically, the trial court sentenced Appellant to an intermediate punishment sentence of two years, with two months to be spent in prison, four months to be spent on house arrest, and the remainder of the time to be spent on probation. Appellant did not file a post-sentence motion, but she did file a timely notice of appeal. Appellant then complied with the trial court's instruction to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and the trial court issued its Pa.R.A.P. 1925(a) opinion in response to that statement.

In her appeal, Appellant first argues that the trial court abused its discretion by admitting Arocho's testimony that her son suffered from nightmares and required therapy after the incident with Appellant. According to Appellant, this testimony constituted inadmissible hearsay. We disagree.

The Pennsylvania Rules of Evidence define "hearsay" as a statement, other than the one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted. **See** Pa.R.E. 801(c). The Rules further define "statement," for purposes of the hearsay rule, as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Pa.R.E. 801(a). Moreover, testimony is not hearsay if it does not involve an extrajudicial statement but merely constitutes

an observation based on the witness's personal knowledge. **See Commonwealth v. Johnson**, 838 A.2d 663, 673 (Pa. 2003).

Here, prior to trial, Appellant requested that the trial court preclude Arocho from testifying that her son had nightmares and required therapy after the incident with Appellant. The court ruled that it would allow testimony regarding the fact that the child needed therapy, but nothing about what the therapist or child said during those therapy sessions. The court also ruled that it would allow testimony about the nightmares as such testimony constituted "observations of the parents." N.T. Trial, 8/23/19, at 4.

Appellant now complains that this testimony constituted hearsay and the court therefore abused its discretion by allowing it. Appellant, however, completely fails to offer any explanation to substantiate her bald assertion that the testimony was hearsay. Regarding the nightmares, Arocho testified on direct examination that her son began having nightmares after the incident with Appellant, without any further elaboration. **See id**. at 20. As the Commonwealth argues in its brief, this testimony did not constitute hearsay given that the nightmares were nonverbal and involuntary conduct which "cannot be considered statements because they [were] not intended as an assertion." Commonwealth's Brief at 8. Rather, the testimony only recounted Arocho's observations that her son suffered from nightmares in the wake of having a gun pointed at him by Appellant. It was therefore not hearsay. **See Johnson**, 838 A.2d at 673.

As for the testimony regarding therapy, we note that it was defense counsel who raised the issue of therapy during his cross-examination of Arocho. Counsel asked Arocho whether she had any psychiatry bills to substantiate a claim that her son was going to therapy, and Arocho replied that she did not. *See* N.T. Trial, 8/23/19, at 29-30. Again, Appellant completely fails to demonstrate, nor do we see, how this amounted to hearsay. We therefore find no abuse of discretion on the part of the trial court in allowing the testimony in question. *See Commonwealth v. Weakley*, 972 A.2d 1182, 1188 (Pa. Super. 2009) (stating that the admission of evidence is within the sound discretion of the trial court and such a decision will only be reversed upon a showing of an abuse of that discretion).[1]

In any event, we also agree with the trial court that even if the court somehow erred by allowing Appellant's brief testimony about her son's nightmares and need for therapy, any error would have been harmless in light of the overwhelming evidence of Appellant's guilt. As the trial court outlined

_____

[1] Appellant also argues, in effect, that Arocho's hearsay testimony regarding her son's nightmares was unduly prejudicial. While we have already negated Appellant's claim that this testimony was even hearsay in the first instance, we also disagree with Appellant that it was unduly prejudicial. She asserts that "once the jury heard [this] testimony, the trial was over." Appellant's Brief at 9. However, as even Appellant concedes, Arocho's testimony regarding the nightmares was very brief. *See* Appellant's Brief at 8 ("Arocho's testimony was simply that these apparent nightmares happened sometime after the incident and before the trial"). The trial court concluded that this "brief and isolated" testimony "could not have reasonably affected the outcome of the trial." Trial Court Opinion, 1/6/20, at 12. Appellant has simply failed to show how the trial court abused its discretion in reaching this conclusion.

in its opinion, both Arocho and Beard positively identified Appellant as the individual who threatened them at gunpoint. Arocho also took a photograph of the license plate of the vehicle Appellant was in when the incident occurred, allowing the police to trace the vehicle back to Sanders and Appellant. When the police searched that vehicle, they found a black handgun similar to the one described by Arocho and Beard as the one brandished by Appellant. Given this overwhelming evidence, the trial court properly determined that even if it had erred by allowing the challenged testimony, any error would have been, at most, harmless. *See Commonwealth v. Spotz,* 896 A.2d 1191, 1222 (Pa. 2006) (stating that an error is harmless if the evidence of guilt, without regard to the tainted evidence, is so overwhelming that the conviction would have followed beyond a reasonable doubt without regard to it). No relief is due.

Next, Appellant asserts that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), by failing to conduct DNA or fingerprint testing on the handgun it recovered from the Hummer. Appellant apparently believes such testing would have produced exculpatory results. This claim warrants no relief.

*Brady* requires prosecutors to disclose all *exculpatory information in its possession* that is material to the guilt or punishment of an accused. *See Commonwealth v. Roney,* 79 A.3d 595, 607-608 (Pa. 2013) (emphasis added). To establish a *Brady* violation, an appellant must show that: (1) the evidence at issue was favorable to the appellant, either because it is

exculpatory or could have been used for impeachment; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. *See id*. at 607. In discussing the parameters of what must be disclosed under *Brady*, our Supreme Court stated in *Roney*:

> *Brady* does not require the disclosure of information that is not exculpatory but might merely form the groundwork for possible arguments or defenses. … *Brady* is not violated when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from other sources.

*Id*. at 608 (citations omitted).

Here, we agree with the trial court that the Commonwealth's decision not to forensically test the handgun did not violate *Brady*, as there was no known exculpatory evidence in play for the Commonwealth to disclose. As the trial court stated:

> It is clear that *Brady* does not impose an affirmative duty on the prosecution to conduct forensic testing that could possibly be exculpatory. The Commonwealth's duty under *Brady* requires it to produce known exculpatory material; it does not require the Commonwealth to undertake an affirmative search for such material.

Trial Court Opinion, 1/6/20, at 9. *See also Commonwealth v Tedford*, 960 A.2d 1, 30-31 (Pa. 2008) (stating that to prevail on a *Brady* claim, an appellant must affirmatively demonstrate exculpability and an appellant's assertion regarding the "potential exculpatory value" of certain evidence does not accomplish that).

This does not mean, of course, that Appellant could not have conducted her own forensic testing of the gun. Appellant makes no argument to the contrary and therefore, Appellant has not shown that she was unable to independently uncover the evidence she claims could have been exculpatory. Her **Brady** claim fails for his reason as well. **See Roney**, 79 A.3d at 608.

Lastly, Appellant claims that the jury's verdict was against the weight of the evidence. This claim has been waived.

Rule 607(A) of the Rules of Criminal Procedure addresses how to preserve a weight of the evidence claim, stating:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

Here, in her "statement of where the issues have been raised and preserved" section, Appellant references several pages in the record where she claims to have preserved her assertion that the verdict was against the weight of the evidence. However, those pages do not reflect Appellant making any motion for a new trial, oral or written, on the basis that the verdict was against the weight of the evidence. Rather, they reference certain parts of defense counsel's cross-examination of Arocho and Beard, where defense counsel was attempting to undermine those witnesses' credibility. Appellant's

referenced pages of the record all mark parts of the trial that occurred *before* the verdict was even entered.

It is Appellant's responsibility to direct the Court to that place in the record where she preserved her weight of the evidence claim. *See* Pa.R.A.P. 2117(c). Nonetheless, our own review of the record provided by Appellant does not disclose any point where Appellant made a pre-sentence motion for a new trial on the basis that the verdict was against the weight of the evidence. Moreover, Appellant did not file a post-sentence motion, so she could not have preserved her weight of the evidence claim there. As such, her weight of the evidence claim is waived under Rule 607(A).

We recognize that Appellant did raise her weight of the evidence claim in her 1925(b) statement. Although the trial court addressed and rejected that claim in its 1925(a) opinion, we are still constrained to find that the issue is waived. As our Supreme Court stated when finding a weight of the evidence claim waived in similar circumstances:

> Regarding Appellant's weight of the evidence claim we note that Appellant did not make a motion raising a weight of the evidence claim before the trial court as [Rule 607(A) of] the Pennsylvania Rules of Criminal Procedure require. The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed Appellant's weight claim in its Pa.R.A.P. 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion. Appellant's failure to challenge the weight of the evidence before the trial court deprived that court of an opportunity to exercise discretion on the question of whether to grant a new trial. Because appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the

- 9 -

evidence, this Court has nothing to review on appeal. We thus hold that Appellant waived his weight of the evidence claim because it was not raised before the trial court as required by Pa.R.Crim.P. 607.

***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009) (internal citations omitted) (footnotes omitted).

We note, however, that if we were to reach the merits of whether or not the trial court abused its discretion in finding in its 1925(a) opinion that the verdict was not against the weight of the evidence, we would have no difficulty in concluding that the trial court did not abuse its discretion.

When considering a motion that a verdict was against the weight of the evidence, a "trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 396 (Pa. 2011). This Court's standard of review of a trial court's decision regarding a weight of the evidence claim is limited to determining whether the trial court palpably abused its discretion in concluding that the verdict was or was not against the weight of the evidence. ***See Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003).

Here, the trial court determined that "the verdict was supported by more than enough evidence," including both Arocho's and Beard's identification of Appellant as the person who pointed a handgun at them while driving in their car, the photograph Arocho took of the Hummer's license plate which led the police to Sanders and Appellant, and the uncovering of a black handgun similar

to the one described by Arocho and Beard during the search of the Hummer by the police. Trial Court Opinion, 1/6/2020, at 7. We discern no abuse of discretion by the trial court in reaching this determination.

Appellant argues, however, that the verdict was against the weight of the evidence because there were minor inconsistencies in Arocho's and Beard's testimony and because both Arocho and Beard testified that they had previously been convicted of *crimen falsi* offenses. This claim clearly has no merit given that this Court, when assessing a weight of the evidence claim, "will not substitute its judgment for that of the factfinder, which is free to assess the credibility of the witnesses and to believe all, part, or none of the evidence presented." **Commonwealth v. Fortson,** 165 A.3d 10, 16 (Pa. Super. 2017) (citations omitted). No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/07/2020