J-A10009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE E. RIEBEL JR., | : | |
| | : | |
| Appellant | : | No. 265 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002847-2018

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: Filed: August 26, 2021

Dwayne Riebel appeals from his judgment of sentence for endangering the welfare of a child ("EWOC") after a family member ("Victim"), testified that Riebel had started raping her when she was a toddler. Riebel essentially argues on appeal that Victim's testimony at trial was so unreliable and inconsistent that it was insufficient to support the verdict and that the verdict was against the weight of the evidence. We disagree. Instead, after reviewing the record and the trial court's reasons for rejecting Riebel's claims, we affirm Riebel's judgment of sentence.

In 2018, Victim reported that Riebel had sexually assaulted her beginning when she was around three years old. Riebel was arrested and

_____

[*] Retired Senior Judge assigned to the Superior Court.

charged with, *inter alia*, rape and incest. The Commonwealth subsequently added an EWOC count to the charges lodged against Riebel. The matter proceeded to a two-day jury trial on August 14, 2019, and August 15, 2019.

At trial, the Commonwealth presented the testimony of numerous witnesses, including Victim's mother and two medical experts. Victim also testified at trial. The trial court summarized Victim's testimony as follows:

> [Victim] testified that she visited [Riebel] every other weekend until she was nine years old, at which time she stopped due to the abuse that formed the basis of [this] case. She also testified that, from age three to nine, [Riebel] sexually assaulted her on multiple occasions while she was visiting him. The assaults began slowly, with [Riebel] acting weirdly and awkwardly around her, and ultimately led up to and included [Riebel] raping her by inserting his penis in her. During some of the assaults, [Riebel] covered her mouth and left red marks or bruises on her face. During others, she bled and was bruised in her vaginal area.

Trial Court Opinion, 7/9/2020, at 5-6 (citations to notes of testimony omitted).

Riebel did not testify at trial, but he did present the testimony of several witnesses, including his wife and younger sister. Riebel's wife testified that she believed Victim had fabricated the allegations that Riebel had raped her. Meanwhile, Riebel's sister testified that she frequently babysat Victim when she was young, which included bathing her, and she never saw anything out of the ordinary in regards to Victim's vaginal area.

Following the testimony, the jury convicted Riebel of EWOC, but acquitted him of the other charges. The court sentenced Riebel to one to five years' imprisonment. Riebel filed post-sentence motions, alleging the verdict was against the weight of the evidence. The trial court denied the motion, and

Riebel filed a timely notice of appeal. He then complied with the court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising, among other alleged errors, claims that the evidence was insufficient to support the EWOC verdict and that such a verdict was against the weight of the evidence. In response, the court issued a Pa.R.A.P. 1925(a) opinion in which it rejected both the sufficiency and weight of the evidence claims raised by Riebel.

Riebel first contends on appeal that the trial court erred by concluding that the evidence was sufficient to sustain the verdict. He primarily argues that Victim's testimony was so "internally inconsistent," "contradictory," "nonsensical," and "wholly unreliable" that "the verdict should never have been reduced to judgment." Appellant's Brief at 13, 19. This claim fails.

The evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all reasonable inferences derived from the evidence are sufficient to establish all of the elements of the offense beyond a reasonable doubt. *See Commonwealth v. Blakeney*, 946 A.2d 645, 651 (Pa. 2008). The Commonwealth may sustain its burden entirely by circumstantial evidence and the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part or none of the evidence. *See Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

The offense of EWOC is defined by 18 Pa.C.S.A. § 4304 (a)(1), which provides:

> A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

*Id*. Therefore, to sustain a conviction under Section 4304(a)(1), the Commonwealth must prove that a defendant: (1) was supervising the welfare of a child under the age of 18; (2) knowingly endangered the welfare of the child; and (3) violated a duty of care to the child. *See id*. The conduct prohibited by the EWOC statute clearly encompasses the sexual abuse of a child. *See Commonwealth v. Bishop*, 742 A.2d 178, 190 (Pa. Super. 1999).

Here, the trial court found that the Commonwealth had presented more than sufficient evidence to support the jury's EWOC verdict. The court reasoned:

> The testimony of [Victim], [recounted above and] standing alone, was enough to support the EWOC conviction. However, [Victim's] testimony did not stand alone. There was additional testimonial and documentary evidence which at once supported her testimony and established, or assisted in establishing, the elements of EWOC.
> As noted, the Commonwealth called several witnesses, including [Victim's] mother, grandmother, and the physician's assistant who interviewed [Victim]. … The physician's assistant testified about her interview with [Victim]. Among other things, [Victim] disclosed that [Riebel] had molested her between [the ages of two and four years]. [Victim] also told the physician's assistant that [Riebel] removed her clothing, touched her in the vaginal area, and threatened her not to reveal what happened to anyone.

> In addition, there was testimony from [Victim] and other witnesses that, while [Victim] was visiting, [Riebel] often exhibited violent behaviors, frequently engaged in physical fights with his father and brother, which sometimes occurred in close proximity to [Victim], habitually consumed alcohol to the point of intoxication in his house, and did not properly take care of [Victim] so that on multiple occasions, she wore the same diaper for the whole weekend. [Victim's] mother also testified that [Victim] cried and screamed because she did not want to visit [Riebel]. Further, after [Victim] returned home from [Riebel's] home, she on occasion observed that [Victim's] vaginal area was red and that [Victim] cried because it hurt. In this regard, [Victim] testified that [Riebel] did not change her.
>
> The jury heard this and other evidence and convicted [Riebel] of EWOC. Viewed in light of the applicable standards, the evidence was amply sufficient to sustain the conviction.

Trial Court Opinion, 7/9/20, at 6-7.

We see no error in the court's conclusion in this regard. As the trial court noted, Victim's testimony that Riebel repeatedly raped her while she was in his care was in and of itself sufficient to sustain the jury's verdict that Riebel knowingly endangered Victim's welfare. Our Court has made clear that even the uncorroborated testimony of a complaining witness, such as Victim, is alone sufficient to convict a defendant of a sexual offense. *See* **Commonwealth v. Bishop**, 742 A.2d 178, 189 (Pa. Super. 1999). It is the factfinder who is responsible for determining the credibility of witnesses, and the credible testimony of one witness can be sufficient to sustain a conviction. *See* **Commonwealth v. Johnson**, 180 A.3d 474, 479-81 (Pa. Super. 2018). The jury here clearly credited testimony given by Victim, and that testimony alone constituted sufficient evidence to sustain the verdict. The fact that there was corroborating testimony, as recounted by the trial court, only adds

evidence of Riebel's guilt to the already-sufficient evidence provided by Victim's testimony.

Riebel makes much of the fact that Victim's testimony was peppered by what Riebel characterizes as glaring inconsistencies. However, our Court has also made clear that the existence of inconsistencies in the testimony of a witness does not alone render the evidence insufficient to support a verdict. **See Commonwealth v. Lyons**, 833 A.2d 245, 258 (Pa. Super. 2003). The jury was aware of any inconsistencies in the testimony given by Victim, and it still credited her testimony, as was its clear prerogative to do. Moreover, to the extent that Riebel argues that the evidence was insufficient to sustain the EWOC verdict because the jury acquitted him of the other charges, we agree with the trial court that this claim offers him no basis for relief given that "consistency in verdicts in criminal cases is not necessary" and inconsistent verdicts "do not constitute a basis for reversal." **Commonwealth v. Kinney**, 863 A.2d 581, 585 (Pa. Super. 2004) (citation omitted). Based on all of the above, we decline to find that Riebel is entitled to relief on the basis of his sufficiency claim.

In his second and final claim on appeal, Riebel challenges the weight of the evidence on almost identical grounds as those relied upon in his challenge to the sufficiency of the evidence. Namely, Riebel asserts that Victim's testimony was so "inconsistent and unbelievable" that this Court should find

that the trial court erred in concluding that the jury's verdict was not against the weight of the evidence. We disagree.

When considering a claim that the verdict was against the weight of the evidence, a "trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Chamberlain*, 30 A.3d 381, 396 (Pa. 2011) (citation omitted). This Court's standard of review of a trial court's decision regarding a weight of the evidence claim is very narrow as it is limited to determining whether the trial court palpably abused its discretion in concluding that the verdict was not against the weight of the evidence. *See Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003).

Here, the trial court found that, based on the evidence summarized above, there was ample evidence to support the EWOC charge. The court stated in no uncertain terms that "having the benefit of both real-time observation of the trial and a historical review of the record, we find the verdict was not so contrary to the evidence as to shock one's sense of justice." Trial Court Opinion, 7/9/20, at 9-10. We see no basis to find that the trial court abused its discretion in reaching this conclusion.

Riebel argues, however, that the trial court did abuse its discretion because Victim's testimony was inconsistent, including as it related to the number of times Riebel raped her, and that her testimony about what happened during those assaults was "unbelievable." Appellant's Brief at 22.

This claim is clearly without merit given that this Court, when assessing a weight of the evidence claim, "will not substitute its judgment for that of the factfinder, which is free to assess the credibility of witnesses and to believe all, part, or none of the evidence presented." ***Commonwealth v. Fortson***, 165 A.3d 10, 16 (Pa. Super. 2017) (citations omitted). No relief is due.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/21